# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candace Sutherland Olding,<br><br>        Plaintiff,<br><br>v.<br><br>Pima County Prosecutor's Office, et al.,<br><br>        Defendants. | No. CV-25-00158-TUC-JR<br><br>**REPORT AND RECOMMENDATION** |

On April 7, 2025, pro se Plaintiff Candace Sutherland Olding ("Plaintiff") filed a Complaint and an Application to Proceed In District Court without Prepaying Fees and Costs ("Application to Proceed"). (Doc. 1, 2.) General Order 21-25 directs the undersigned United Magistrate Judge to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, the undersigned directs this Report and Recommendation to United States District Judge Raner C. Collins.[1] As more fully set forth below, this Court recommends that the district court grant the Application to Proceed and dismiss the Complaint for failure to state a claim.

---

[1] As of this date of this Report and Recommendation the Chief United States District Judge for the District of Arizona is Jennifer G. Zipps. However, General Order 21-25 has not been superseded.

**Application to Proceed In Forma Pauperis**

In her Application to Proceed, Plaintiff indicates that she has insufficient funds to pay the filing fee for this action. (Doc. 2.) The Court recommends that the district court exercise its discretion and grant Plaintiff's Application to Proceed.

**Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the district court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief maybe granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The district court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the district court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**The Complaint**

Plaintiff alleges that she is a victim in a criminal case in the Arizona Superior Court, Pima County, CR202110376-001. (Doc. 1 at 2.) Plaintiff names as Defendants the Pima County Attorney's Office, Pima County Attorney Laura Conover, and prosecutors of the Pima County Attorney's Office Bradley Roach and Alex Lambdin. *Id*. She claims her "civil

rights complaint arises from a years-long campaign of retaliation, defamation, and systemic abuse of power by the Pima County Prosecutor's Office […]." (Doc. 1 at 2.) She alleges that "Defendants conspired to falsify evidence, violate due process, and weaponize the legal system to destroy [her] career, parental rights, and reputation." *Id*.

Plaintiff alleges the district court has federal question jurisdiction over Counts 1, 2 and 6 alleged in her Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1 at 4-6.) The Complaint alleges as follows: In Count 1, Plaintiff alleges a due process violation resulting from "Brady violations . . . and denial of right to be heard." (Doc. 1 at 4, 5.) In Count 2, Plaintiff alleges retaliation "for exposing misconduct (First Amendment)." *Id*. In Count 6, Plaintiff alleges abuse of power due to "[d]eliberate indifference to constitutional duties." *Id*. at 6.

Plaintiff alleges that the district court has jurisdiction over the state law claims alleged in Counts 3 through 5 and 7 of her Complaint. *Id*. Count 3 alleges defamation in violation of Ariz. Rev. Stat. § 12-653 averring "[b]oth confidential and public documents sent to government agencies […]." *Id*. at 5. Count 4 alleges intentional infliction of emotional distress based upon alleged "SWAT raids, harassment, PTSD diagnosis." *Id*. at 5-6. Count 5 alleges negligence based upon alleged "[r]eckless handling of case details . . . [.]" *Id*. at 6. Count 7 alleges a violation of Ariz. Rev. Stat. § 13-4436 based upon the "[d]eni[al of] the victim's right to be heard." *Id*.

Plaintiff seeks an award of compensatory damages in the amount of $1,500,000.00 and an award of punitive damages in the amount of $3,500,000.00. *Id*. Plaintiff seeks the following injunctive relief: "[c]orrect falsified documents[,]" [b]an backdoor plea deals[,]"

and "[m]andate ethics training." (Doc. 1 at 6.) Plaintiff also seeks a declaratory judgment that the Pima County Attorneys Office's "policies violate the Constitution." *Id*.

**Analysis**

Actions Based on 42 U.S.C. § 1983

"A plaintiff may seek damages for violation of his federal constitutional rights under 42 U.S.C. § 1983." *Matwyuk v. Arizona*, No. CV-22-08082-PCT-JAT (DMF), 2022 WL 2077967, at *3 (D. Ariz. June 9, 2022). To prevail in a § 1983 action, a plaintiff must establish that: "(1) acts by the defendants; (2) under color of state law; (3) deprived him of federal rights, privileges or immunities; and (4) caused him damage." *Matwyuk*, 2022 WL 2077967, at *3 (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (additional citation omitted)). Additionally, "a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant." *Matwyuk*, 2022 WL 2077967, at *3 (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976)).

The Complaint Fails to State a Claim For Relief

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)."Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

Count 1, alleged ostensibly against all Defendants, alleges, "Brady violations (Exhibit A, B) and denial of right to be heard." (Doc. 1 at 5.) Exhibit A is a Motion to Request Recording of Initial DCS Report that was filed by Plaintiff in the criminal case in which she is a victim. (Doc. 1-3 at 14.) Exhibit B is an Administrative Law Judge decision in an apparent proceeding before the Arizona Department of Child Safety. (Doc. 1-3 at 7-15.) Count 2, also ostensibly against all Defendants, summarily and in conclusory fashion alleges, "[r]etaliation for exposing misconduct." (Doc. 1 at 5.) Count 6, also ostensibly against all Defendants, summarily and in conclusory fashion alleges, "[d]eliberate indifference to constitutional duties." *Id.* at 6.

This Court finds that the Complaint fails to comply with the requirements of Rule 8 for several reasons. The Complaint does not provide Defendants sufficient notice of the factual basis for Plaintiff's claims against them. Counts 1, 2 and 6 of the Complaint are comprised of labels, conclusions, and "'naked assertion[s]' devoid of '[…] factual enhancement,' " which are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678, 129

S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. 1955). Counts 1, 2 and 6 of the Complaint are merely conclusory allegations that fail to contain any facts connecting any named Defendant's actions with an alleged deprivation of Plaintiff's rights. Thus, this Court finds that Counts 1, 2 and 6 fail to state a claim upon which relief can be granted and dismissal of the Complaint is recommended.

Additionally, this Court finds with respect to each named Defendant as follows:

Defendant Pima County Attorney's Office

Plaintiff names as a Defendant the Pima County Attorney's Office. (Doc. 1 at 2.) District Judge David C. Bury recognized:

> Governmental bodies have only the powers provided them by their enabling statutes. *Ricca v. Bojorques*, 13 Ariz. App. 10, 13, 473 P.2d 812 (Az. App. 1970). Although the Arizona legislature specifically designated the county as a political subdivision with authority to sue and be sued, it did not make the same designation with respect to the Pima County Attorney's Office. A.R.S. § 11–201. The Arizona legislature has also set forth the powers of a county attorney in statute. *See* A.R.S. § 11–532(A). None of the powers given to a county attorney include the power to sue and be sued. *Id*.
> . . .
> Furthermore, a county attorney's office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves.

*Kelly v. Pima Cnty. Just. Ct*., No. CV-09-308-TUC-DCB (BPV), 2010 WL 2605804, at *2 (D. Ariz. Apr. 23, 2010), *report and recommendation adopted*, No. CV-09-308-TUC-DCB (BPV), 2010 WL 2605799 (D. Ariz. June 25, 2010). *See also Weaver v. Castillo*, No. CV-22-01888-PHX-DWL, 2022 WL 17741062, at *3 (D. Ariz. Dec. 16, 2022) (recognizing that "the Maricopa County Attorney's Office is a non-jural entity that is incapable of suing or being sued." (citing *Murrell v. Cohen*, 2018 WL 11395316, *3 (D. Ariz. 2018));

*Matwyuk*, 2022 WL 2077967, at *3 (recognizing that "[a] county attorney's office also is not a 'person' under 42 U.S.C. § 1983."); *Wilson v. Yavapai Cnty.*, 2012 WL 1067959 (D. Ariz. 2012) (recognizing, *inter alia*, that the county attorney's office is a non[-]jural entity).

Considering the foregoing, this Court finds that the Pima County Attorney's Office is a non-jural entity and cannot be sued under 42 U.S.C. § 1983. Accordingly, the undersigned recommends that the district court dismiss with prejudice the Pima County Attorney's Office.

Prosecutors Bradley Roach and Alex Lambdin

Plaintiff also names Pima County Attorney's Office prosecutors Bradley Roach and Alex Lambdin as Defendants. (Doc. 1 at 2.)

The United States District Court for the District of Arizona has recognized that "[i]t is well settled that judges and prosecutors are entitled to absolute immunity." *Weaver*, 2022 WL 17741062, at *3 (quoting *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999)). "This absolute immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Weaver*, 2022 WL 17741062, at *3 (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)) (additional citation and internal quotations omitted). "Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Weaver*, 2022 WL 17741062, at *3 (quoting *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985)). "Absolute immunity provides

protection from personal liability even for clearly erroneous or malicious behavior." *Weaver*, 2022 WL 17741062, at *3 (quoting *Mason v. Arizona*, 260 F. Supp. 2d 807, 820 (D. Ariz. 2003)).

Plaintiff alleges that she is a victim in a criminal case pending in Arizona Superior Court, Pima County. (Doc. 1 at 2.) She summarily and in conclusory fashion alleges that Pima County Attorney's Office prosecutors Bradley Roach and Alex Lambdin "held exculpatory evidence in favor of defendant and victim, falsified records and retaliated against [her]." *Id.* Plaintiff's sparse conclusory allegations relate to alleged conduct undertaken by Defendants Roach and Lambdin in the administration of justice in exercising the authority vested in them as Pima County Attorney's Office prosecutors. Because prosecutors are granted immunity for exercising the authority vested in them, this Court recommends Defendants Bradley Roach and Alex Lambdin be dismissed with prejudice.

<u>Pima County Attorney Conover</u>

Plaintiff names Pima County Attorney Laura Conover as a Defendant. (Doc. 1 at 2.) As to County Attorney Conover, Plaintiff summarily alleges in full: "(official/individual capacity) who failed to reform unethical practices." *Id.*

"A government official may be sued in [his or her] individual capacity for damages under 42 U.S.C. § 1983 based on acts taken in an official capacity." *Rodriguez-Wakelin v. Barry*, No. CV-17-00376-TUC-RM, 2019 WL 4736922, at *4 (D. Ariz. Sept. 27, 2019) (citing *Hafer v. Melo*, 502 U.S. 21, 31 (1991)). "In an individual-capacity suit, the plaintiff must show that the individual defendant 'was personally involved in the deprivation of [the plaintiff's] civil rights.'" *Rodriguez-Wakelim*, 2019 WL 4736922, at *4 (citing *Barren v.*

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

In contrast, an official-capacity suit "generally represent[s] only another way of pleading an action against the entity of which an officer is an agent." *Rodriguez-Wakelin*, 2019 WL 4736922, at *4 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) (internal quotation omitted). "Because the governmental entity is the real party in interest in an official-capacity suit, the plaintiff must show that the entity had a policy or custom that was the moving force behind the alleged constitutional violation." *Rodriguez-Wakelin*, 2019 WL 4736922, at *4 (citing Hafer, 502 U.S. at 25). "Official-capacity suits ... [represent] another way of pleading an action against an entity of which an officer is an agent." *Donahoe v. Arpaio*, No. CV-10-02756-PHX-NVW, 2012 WL 6102066, at *1 (D. Ariz. Dec. 7, 2012) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). "A municipality may not be sued solely because an injury was inflicted by its employees or agents." *Pereyda-Rios v. Arizona Dep't of Pub. Safety*, No. CV 18-00032-TUC-RM, 2018 WL 11265554, at *3 (D. Ariz. Mar. 28, 2018) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). "The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality." *Pereyda-Rios*, 2018 WL 11265554, at *3 (D. Ariz. Mar. 28, 2018) (citing *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005)).

"A § 1983 claim against a municipal defendant 'cannot succeed as a matter of law' unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury." *Pereyda-Rios*, 2018 WL 11265554, at *3 (D. Ariz. Mar. 28, 2018)

(quoting *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6))).

This Court finds that Plaintiff fails to allege facts that plausibly support a finding that County Attorney Conover was personally involved in the alleged deprivation of her constitutional rights. Plaintiff's entire factual allegations against County Attorney Conover are that she "failed to reform unethical practices." (Doc. 1 at 2.) This Court therefore finds that the Complaint fails to state a claim against County Attorney Conover in her individual capacity.

This Court also finds that Plaintiff has failed to allege facts to support a plausible determination that County Attorney Conover maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional right. This Court finds that Plaintiff has failed to explain how her injuries were caused by any municipal policy or custom. Plaintiff fails to provide any factual support for her assertion that County Attorney Conover "failed to reform unethical practices." Plaintiff has also failed to allege that County Attorney Conover's alleged inaction violated her constitutional right and caused her harm.

Because Plaintiff has failed to allege any specific facts showing that she is entitled to relief against County Attorney Conover, this Court recommends that County Attorney Conover be dismissed as a Defendant.

State Law Claims

As mentioned above, Counts 3 through 5 and 7 of the Complaint attempt to allege violations of Arizona law. (Doc. 1 at 5-6.)

Section 1367(a), Title 28, United States Code, provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is discretionary—"district courts can decline to exercise jurisdiction over [supplemental] claims for a number of valid reasons." *Infinite Growth Grp., LLC v. Haasnoot*, No. 2:10-CV-02652 JWS, 2011 WL 767227, at *2 (D. Ariz. Feb. 28, 2011) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)). A district court may decline to exercise supplemental jurisdiction over a claim, *inter alia*, where "the district court has dismissed all claims over which it has original jurisdiction." *Infinite Growth Grp*., LLC, 2011 WL 767227, at *2 (quoting 28 U.S.C. § 1367(c)(3).)

Because this Court finds that Plaintiff's Complaint fails to state a claim over which the district court has federal question jurisdiction, this Court finds that the district court should decline to exercise supplemental jurisdiction over the state law claims that Plaintiff attempts to allege in her Complaint.

**Dismissal With and Without Leave to Amend is Recommended**

Dismissal without leave to amend is recommended with respect to the claims that are alleged against Defendants the Pima County Attorney's Office, Bradley Roach and Alex Lambdin as no amendment could cure the deficiencies identified above with respect to these Defendants. Dismissal of Plaintiff's claim against County Attorney Conover with

- 11 -

leave to amend is recommended. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute as stated in Akhtar v. Mesa*, 698 F.3d 1202 (2012) (leave to amend is liberally granted unless clear deficiencies cannot be cured by amendment). The above-mentioned reasons for the recommended dismissal allow Plaintiff to make an intelligent decision regarding whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

Any amended complaint that Plaintiff files must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Any amended complaint must be clearly designated as an amended complaint on its face and formatted in compliance with L.R.Civ 7.1. If an amended complaint fails to state a claim upon which relief may be granted this action will likely be dismissed with prejudice in full. Plaintiff is advised that if she fails to timely comply with every provision of the district court's order, the district court may dismiss this action under Fed. R. Civ. P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with court order).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the district court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 377.

Plaintiff must repeat this process for each person named as a Defendant. If Plaintiff

fails to affirmatively link the conduct of each named Defendant with the specific injury allegedly suffered, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants violated a constitutional right are insufficient to state a claim and will be dismissed.**

### Recommendation

As noted, *supra*, General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, the Court directs this Report and Recommendation to the Honorable Raner C. Collins. For the reasons set forth above, the undersigned Magistrate Judge **RECOMMENDS** that the district judge enter an order:

(1) **GRANTING** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2); and

(2) **DISMISSING** Plaintiff's Complaint (Doc. 1) with leave to file an amended complaint within 30 days.

…

…

…

…

…

…

…

…

fails to affirmatively link the conduct of each named Defendant with the specific injury allegedly suffered, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants violated a constitutional right are insufficient to state a claim and will be dismissed.**

### Recommendation

As noted, *supra*, General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, the Court directs this Report and Recommendation to the Honorable Raner C. Collins. For the reasons set forth above, the undersigned Magistrate Judge **RECOMMENDS** that the district judge enter an order:

(1) **GRANTING** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2); and

(2) **DISMISSING** Plaintiff's Complaint (Doc. 1) with leave to file an amended complaint within 30 days.

…

…

…

…

…

…

…

…

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from Judge Collins. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

**IT IS FURTHER ORDERED** that the Clerk of Court refer this matter to the Honorable Raner C. Collins.

Dated this 16th day of April, 2025.

Honorable Jacqueline M. Rateau
United States Magistrate Judge