# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candace Sutherland Olding, | No. CV-25-00158-TUC-RM (JEM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Laura Conover, et al., | |
| Defendants. | |

**Background**

On April 7, 2025, pro se Plaintiff Candace Sutherland Olding ("Plaintiff") filed a Complaint and an Application to Proceed In District Court without Prepaying Fees and Costs ("Application to Proceed"). (Doc. 1, 2.) On April 16, 2025, Magistrate Judge Jacqueline Rateau issued a Report and Recommendation ("R&R") to Senior Judge Raner C. Collins recommending that Plaintiff's claims against Defendants the Pima County Attorney's Office, Bradley Roach and Alex Lambdin be dismissed with prejudice. (Doc. 10 at p. 11.) The R&R recommended that Plaintiff's claim against Defendant Laura Conover be dismissed without prejudice. *Id*. at 12. The R&R advised Plaintiff that she has fourteen (14) days after service of the R&R to object to the R&R. *Id*. at 14. No objection

was timely filed, and, on May 5, 2025, Judge Collins issued an Order adopting in full Judge Rateau's R&R. (Doc. 16.) Also on May 5, 2025, this matter was reassigned to Magistrate Judge James E. Marner (Doc. 13), and, additionally, pursuant to a request for random reassignment of this matter to a district judge, this matter was randomly reassigned to District Judge Rosemary Marquez (Doc. 17). On May 6, 2025, District Judge Marquez referred this matter to Magistrate Judge Marner for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and LRCiv 72.1 and 72.2. (Doc. 18.) On May 9, 2025, Plaintiff filed a combined "First Amended Complaint and Objections to Report and Recommendation" and "Plaintiff's Objections to Report and Recommendation and Request for de novo Review" (Doc. 19, 20).

**The First Amended Complaint**

This Court construes Plaintiff's "First Amended Complaint and Objections to Report and Recommendation" document as a First Amended Complaint ("FAC"). In the FAC, Plaintiff names as Defendants "Pima County Government (policy-making entity under Monell)," "Laura Conover (Pima County Attorney; supervisory liability)," "Alex Lambdin [and] Bradley Roach (prosecutors acting outside advocacy roles)," and "DOES 1-10 (unnamed co-conspirators)." (Doc. 19 at p. 1.)

Count 1 of the FAC alleges "Due Process Violations (14th Amendment)." (Doc. 19 at p. 3.) In this claim, ostensibly alleged against all Defendants, Plaintiff alleges, "[w]ithholding evidence, fabricating allegations, and retaliatory leaks." (Doc. 19 at p. 3.)

Count 2 of the FAC alleges "First Amendment Retaliation." *Id.* In this claim, also

ostensibly alleged against all Defendants, Plaintiff alleges "[s]uppressing motions and barring Plaintiff from hearings." (Doc. 19 at p. 3.)

Count 3 of the FAC alleges "Conspiracy Under § 1985." *Id*. In this claim, also ostensibly alleged against all Defendants, Plaintiff alleges "[c]oordinated effort with paternal family to deny custody/rights." *Id*.

Count 4 of the FAC alleges "Supervisory Liability (Conover)." *Id*. In this claim, alleged only against Pima County Attorney Laura Conover, Plaintiff alleges "[f]ailure to train/prosecutors on Brady obligations." *Id*.

Count 5 of the FAC alleges "Violation of A.R.S. § 13-4434." *Id*. In this claim, ostensibly alleged against all Defendants, Plaintiff alleges "Lambdin's witness tampering via tainted child interviews." *Id*. at p. 3-4.

Lastly, Count 6 of the FAC alleges "State Law Claims." *Id*. In this claim, ostensibly alleged against all Defendants, Plaintiff alleges "Defamation, IIED, negligence." *Id*. at 4.

**Legal Standards**

<u>Statutory Screening of In Forma Pauperis Complaints</u>

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the district court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief maybe granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The district court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson*

- 3 -

*v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the district court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend her complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

Fed. R. Civ. P. 8

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jones v. First Nat. Bank of Ariz.*, No. CV-09-2384-PHX-GMS, 2010 WL 2491617, at *1 (D. Ariz. June 17, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Jones v. First Nat. Bank of Ariz.*, No. CV-09-2384-PHX-GMS, 2010 WL 2491617, at *1 (D. Ariz. June 17, 2010) (citing *Ashcroft*, 556

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted)). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient" to state a claim upon which relief can be granted. *Jones v. First Nat. Bank of Ariz.*, 2010 WL 2491617, at *1 (quoting *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.1998)).

Claims Based on 42 U.S.C. § 1983

"A plaintiff may seek damages for violation of his federal constitutional rights under 42 U.S.C. § 1983." *Matwyuk v. Arizona*, No. CV-22-08082-PCT-JAT (DMF), 2022 WL 2077967, at *3 (D. Ariz. June 9, 2022). To prevail in a § 1983 action, a plaintiff must establish that: "(1) acts by the defendants; (2) under color of state law; (3) deprived him of federal rights, privileges or immunities; and (4) caused him damage." *Matwyuk*, 2022 WL 2077967, at *3 (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (additional citation omitted)). Additionally, "a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant." *Matwyuk*, 2022 WL 2077967, at *3 (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976)).

Claims Based on 42 U.S.C. § 1985(3)

To establish a claim for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege:

(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of

this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Jones,* 2010 WL 2491617, at *3 (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotations omitted)). A plaintiff must prove that the deprivation of a protected right was motivated by some [ . . . ] class-based, invidious discriminatory animus. *Jones*, 2010 WL 2491617, at *3 (citing *Sever*, 978 F.2d at 1536).

**Analysis**

Jurisdiction

This Court finds that the FAC sufficiently alleges that the district court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the claims alleged in Counts 1 through 4. (Doc. 19 at p. 2.) This Court also finds that the FAC sufficiently alleges that the district court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims alleged in Counts 5 and 6. *Id*. at p. 4.

The FAC Alleges Claims Against Parties that Are Immune from Suit

As mentioned above, Judge Rateau's R&R recommended that the district court dismiss Defendants Alex Lambdin and Bradley Roach with prejudice finding that, considering the allegations contained in Plaintiff's original Complaint, these Defendants were entitled to prosecutorial immunity. (Doc. 10 at p. 7-8.) Plaintiff failed to timely object to Judge Rateau's recommendation. Senior Judge Collins's Order adopting Judge Rateau's R&R in full dismissed Defendants Alex Lambdin and Bradely Roach from this action with prejudice. (Doc. 16.) Notwithstanding that Defendant Alex Lambdin and Bradley Roach have been dismissed from this action with prejudice, they are named as Defendants in the

FAC. (Doc. 19.)

The FAC alleges that Defendants Alex Lambdin and Bradley Roach "withheld Judge Abraham's 2023 ruling exonerating Plaintiff of failing to protect her child from aggravated assault." *Id*. at p. 2. The FAC claims that "Lambdin admitted in refusing to read this exculpatory evidence during their meeting that was telephonic (in May 2024)." *Id*. The FAC alleges that "Lambdin violated A.R.S. § 13-4434 by meeting Plaintiff's minor daughter pre-interview, disparaging Plaintiff, and coercing fabricated allegations[.]" *Id*. The FAC also alleges "[f]raudulent DCHS Hotline Calls: Paternal aunt (with ties to Conover) and her corrections-officer boyfriend falsified calls claiming Plaintiff's husband was 'armed,' triggering a SWAT raid." *Id*.

The FAC also contains a section entitled "Overcoming Prosecutorial Immunity." *Id*. at p. 4. (emphasis omitted). In this section, the FAC asserts "Lambdin: Investigative misconduct (witness tampering) and administrative negligence (leaks)." *Id*. The FAC further asserts "Roach: Defamatory filings and releasing documents to government agencies unrelated to prosecution (Katina v. Fletcher)." *Id*.

By way of background, in her original Complaint Plaintiff alleged that she was a victim in a criminal case in which her husband was the defendant in the Arizona Superior Court, Pima County, CR202110376-001. (Doc. 1 at p. 2.) Plaintiff's original Complaint also referenced attachments that evidenced that there was an administrative proceeding before an Administrative Law Judge in the Office of Administrative Hearings involving Plaintiff's minor child. (Doc. 1-3.) "It is well-established in [this] circuit that an 'amended complaint supersedes the [operative complaint], the latter being treated thereafter as non-

1  existent.'" *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Here,

2  the FAC fails to allege facts concerning the apparent state court prosecution[1] involving

3  Plaintiff's husband. The FAC also fails to allege facts concerning the apparent

4  administrative proceeding involving a minor.

5  

6      The District Court for the District of Arizona has recognized that "[p]rosecutors

7  may claim absolute immunity from civil damages for actions 'intimately associated with

8  the judicial phase of the criminal process,' such as the prosecutor's initiation of a

9  prosecution and presentation of the state's case." *Neeley v. State*, No. CV-19-05899-PHX-

10  DJH, 2021 WL 2539726, at *3–4 (D. Ariz. May 19, 2021) (quoting *Imbler v. Pachtman*,

11  424 U.S. 409, 430 (1976). "A prosecutor is absolutely immune when performing the

12  traditional functions of an advocate." *Neeley*, 2021 WL 2539726, at *3 (citing *Torres v.*

13  *Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (internal citations omitted)). "However, he

14  is not entitled to such protection when he is 'cast [ ] in the role of an administrator or

15  investigative officer rather than that of advocate.'" *Neeley*, 2021 WL 2539726, at *3

16  (quoting *Torres*, 793 F.3d at 1051). Courts must focus "on the conduct for which immunity

17  is claimed, not on the harm that the conduct may have caused or the question whether it

18  was lawful." *Neeley*, 2021 WL 2539726, at *3 (quoting *Torres*, 793 F.3d at 1051) "While

19  a 'prosecutor's administrative duties and those investigatory functions that do not relate to

20  an advocate's preparation for the initiation of a prosecution or for judicial proceedings are

21  not entitled to absolute immunity, ... the principle that acts undertaken by a prosecutor in

---

[1] (in which she alleged in her original Complaint that she was a victim)

- 8 -

preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.'" *Neeley*, 2021 WL 2539726, at *3 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

This Court finds that the FAC contains conclusory allegations and legal conclusions that Defendants Alex Lambdin and Bradley Roach, *inter alia*, violated state law, were aware of fraudulent calls to a "DCHS Hotline," "concealed call records," barred Plaintiff from speaking at her husband's sentencing, submitted plea agreements without her input, leaked "[u]nredacted court/DCHS documents" to "inmates in Nevada jails" endangering Plaintiff's safety, and "threatened criminal charges to silence Plaintiff." (Doc. 19 at p. 2.) As stated above "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Jones*, 2010 WL 2491617, at *1. The FAC falls short of this plausibility standard. The FAC contains either bare allegations that are merely consistent with liability or legal conclusions couched as factual allegations. Moreover, the allegations in the FAC relate to alleged conduct undertaken by Pima County Prosecutors Alex Lambdin and Bradley Roach that appears to have been undertaken in the administration of justice in exercising the authority vested in them as Pima County Attorney's Office prosecutors.

Given the conclusory nature of the allegations in the FAC and because prosecutors are granted immunity when exercising the authority vested in them in carrying out prosecutorial functions, this Court recommends that Defendants Alex Lambdin and

- 9 -

Bradley Roach remain dismissed from this action.

<u>The FAC Fails to State a Claim Under 42 U.S.C. § 1983</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege, *inter alia*, the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *see also United States v. Morrison*, 529 U.S. 598, 621, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) (noting the "time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action") (internal quotations omitted).

The FAC alleges:

> D. Supervisory Liability & Monell Claim
>
> - Conover:
>
> - Attended meeting directing Lambdin to ignore exculpatory evidence (May 2024).
>
> -Ratified misconduct by failing to investigate Plaintiff's complaints.
>
> -Pima County's Customs:
>
> -Systemic suppression of Brady material.
>
> -Deliberate indifference to fraudulent hotline calls involving law enforcement affiliates.

(Doc. 19 at p. 3.) This Court finds that the FAC fails to allege that Defendants Pima County Attorney Laura Conover and Pima County acted under color of state law. The FAC also fails to allege facts that would support the legal conclusion that these Defendants acted under color of state law.

Additionally, this Court finds that the FAC fails to allege facts of a plausible violation of the Constitution or other relevant federal law, as is required to assert a claim under 42 U.S.C. § 1983. Plaintiff has failed to allege facts to support a plausible determination that either Pima County Attorney Laura Conover or Pima County maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional right. Plaintiff has also failed to allege plausible facts, that if proven true, establish that she has been injured and that her injury was caused by any Pima County municipal policy or custom.

The FAC Fails to State a Claim Under 42 U.S.C. § 1985

Count 3 of the FAC alleges "Conspiracy under § 1985." (Doc. 19 at p. 2.) The FAC alleges, "[c]ollusion with paternal grandmother (retired Pima County official) to: . . . [p]ostpone trial until minor turns 18 [. . .] to block parenting time." *Id.*

As set forth above, to state a § 1985(3) claim, a plaintiff must allege (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, . . . (3) an act in furtherance of this conspiracy; (4) whereby a person is . . . injured . . . [.]" 42 U.S.C. § 1985(3). This Court finds that the FAC fails to allege factual matter that, if established, plausibly support all these elements.

State Law Claims

As mentioned above, Counts 5 and 6 of the FAC allege violations of state law. (Doc. 19 at 3-4.) Court 5 alleges a "Violation of A.R.S. 13-4434." (Doc. 19 at p. 3.) The FAC alleges, "[]Lambdin's witness tampering via tainted child interviews." *Id.* at p. 4. Count 6 alleges, "State Law Claims." *Id.* The FAC alleges, "[d]efamation, IIED, negligence." *Id.*

In support of the state law claims the FAC alleges

1. Defamation (A.R.S. § 12-651): Lambdin's and Roach's false filings damaged Plaintiff's custody rights and ability to gain employment in her teaching field.

2. Intentional Infliction of Emotional Distress: Threats, leaks, and collusion to alienate Plaintiff's daughter.

3. Negligence: Failure to redact confidential documents, failure to instigate new evidence the plaintiff provided, failure to redact discovery and accurately portray in motions filed with the court."

(Doc. 19 at p. 3.)

Section 1367(a), Title 28, United States Code, provides that "in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Where the district court "dismisses [federal claims] leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Jones*, 2010 WL 2491617, at * 5 (quoting *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989)). Only in the "unusual" case should federal courts retain jurisdiction over the state law claims. *Jones*, 2010 WL 2491617, at *5 (quoting *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994)). In making this determination, the district court should consider "economy, convenience, fairness, and comity." *Jones*, 2010 WL 2491617, at *5 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).

As explained above, this Court determines that the FAC fails to state a cognizable federal claim. This Court therefore finds that economy, convenience, and fairness all favor dismissal of the state law claims alleged in Counts 5 and 6.

**Recommendation**

The FAC fails to allege facts that make any of the federal claims alleged therein plausible. The FAC contains vague and conclusory legal conclusions, lacks factual detail, and fails to present cognizable legal authority supporting any of the federal claims alleged in the FAC. Plaintiff has already been afforded an opportunity to file an amended complaint. This Court finds that further attempts to state a federal claim will be unsuccessful and that economy, convenience, and fairness favor dismissal of the state law claims.

For the reasons set forth above, the undersigned Magistrate Judge **RECOMMENDS** that the district judge enter an order **DISMISSING** Plaintiff's First Amended Complaint (Doc. 19) with prejudice and without leave to amend.

…

…

…

…

…

…

…

…

- 13 -

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from Judge Marquez. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 15th day of May, 2025.



James E. Marner
United States Magistrate Judge