**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candace Sutherland Olding,<br><br>Plaintiff,<br><br>v.<br><br>Laura Conover, et al.,<br><br>Defendants. | No. CV-25-00158-TUC-RM (JEM)<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge James E. Marner, recommending that the Court dismiss Plaintiff Candace Sutherland Olding's First Amended Complaint ("FAC") with prejudice. (Doc. 21.) Plaintiff filed an Objection (Doc. 22) and a Supplemental Objection (Doc. 23). For the following reasons, the Court will overrule Plaintiff's Objections and accept Magistrate Judge Marner's R&R.

**I.   Background**

Plaintiff initiated this action on April 7, 2025, by filing a pro se Complaint (Doc. 1) and an Application to Proceed in Forma Pauperis (Doc. 2). In her original Complaint, Plaintiff sued the Pima County Prosecutor Office ("Pima County Attorney's Office"), Pima County Attorney Laura Conover, and Pima County prosecutors Bradley Roach and Alex Lambdin, raising constitutional claims under 42 U.S.C. § 1983, as well as state-law claims. (Doc. 1.) Plaintiff alleged that she is a victim in a state-court criminal case, and she accused Defendants of defaming and retaliating against her, concealing exculpatory

evidence, and rushing an illegal plea deal for her husband. (*Id.*)

Plaintiff attached several exhibits to the Complaint, including a decision in an Arizona Department of Child Safety ("DCS") administrative hearing, a family-court ruling, and filings from a Pima County Superior Court criminal case, *State of Arizona v. Christopher Olding*, CR20210376-001. (Doc. 1-3.) The attachments indicate that DCS received a report indicating that Plaintiff, her husband, and her minor daughter had been involved in a domestic violence incident; that Plaintiff's husband was charged with aggravated assault and kidnapping in connection with the incident; that an administrative law judge declined to sustain a DCS proposed finding that Plaintiff had neglected her daughter; and that the father of Plaintiff's daughter was awarded sole custody and legal decision-making authority following the incident. (*Id.*)

In a Report and Recommendation ("R&R") issued on April 16, 2025, Magistrate Judge Jacqueline M. Rateau recommended granting Plaintiff's Application for Leave to Proceed in Forma Pauperis and dismissing Plaintiff's Complaint on screening under 28 U.S.C. § 1915(e)(2). (Doc. 10.) Magistrate Judge Rateau found that Plaintiff failed to state § 1983 claims upon which relief could be granted because her Complaint failed to satisfy the pleading standards of Federal Rule of Civil Procedure 8; the Pima County Attorney's Office is a non-jural entity incapable of being sued; Defendants Roach and Lambdin are entitled to absolute prosecutorial immunity for the conduct alleged in the Complaint; and Plaintiff failed to plead any facts showing that Conover was personally involved in a deprivation of Plaintiff's constitutional rights or that she maintained a policy or custom that resulted in such a deprivation. (*Id.* at 4-10.) Magistrate Judge Rateau recommended dismissing the claims against the Pima County Attorney's Office, Roach, and Lambdin with prejudice, dismissing the claims against Conover with leave to amend, and declining to exercise jurisdiction over Plaintiff's state-law claims. (*Id.* at 11-12.) District Judge Raner C. Collins reviewed the R&R pursuant to General Order 21-25, accepted and adopted it in full, granted Plaintiff leave to proceed in forma pauperis, and dismissed Plaintiff's Complaint with leave to amend. (Doc. 16.) The case was

subsequently assigned to the undersigned and referred to Magistrate Judge Marner. (Docs. 17, 18.)

On May 9, 2025, Plaintiff filed her FAC (Doc. 19) and an untimely Objection (Doc. 20)[1] to Magistrate Judge Rateau's R&R.  In her FAC, Plaintiff sues Pima County, Laura Conover, Alex Lambdin, and Bradley Roach, raising claims under 42 U.S.C. § 1983 for violation of due process, retaliation in violation of the First Amendment, failure to train prosecutors on their obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and unconstitutional customs; conspiracy under 42 U.S.C. § 1985; and state-law claims for defamation, negligence, intentional infliction of emotional distress, and violation of A.R.S. § 13-4434.  (Doc. 19.)  On May 15, 2025, Magistrate Judge Marner filed an R&R recommending that Plaintiff's FAC be dismissed without further leave to amend.  (Doc. 21.)

**II.  Standard of Review**

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the

---

[1] The Court will deny as moot Plaintiff's untimely Objection, as it was filed after Judge Collins had adopted Magistrate Judge Rateau's R&R, and concurrently with Plaintiff's FAC, which supersedes the original Complaint in its entirety.  *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

- 3 -

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The complaint must contain sufficient factual content to allow for a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Courts must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

**III.  Discussion**

Magistrate Judge Marner's R&R finds that Plaintiff's FAC fails to state a cognizable federal claim; that further attempts by Plaintiff to state a federal claim would be unsuccessful; and that judicial economy, convenience, and fairness favor declining to exercise supplemental jurisdiction over Plaintiff's state-law claims. (Doc. 21 at 13.) The Court addresses the R&R's specific findings, and Plaintiff's objections thereto, below.

**A.  Section 1985 Conspiracy**

Plaintiff's FAC alleges a conspiracy under 42 U.S.C. § 1985 involving a "[c]oordinated effort with paternal family to deny custody/rights." (Doc. 19 at 3.) Specifically, Plaintiff alleges collusion with her daughter's paternal grandmother to:

1  "[p]ostpone trial" until Plaintiff's daughter turns 18, "weaponize falsified [DCS] records
2  in family court," and coordinate "with Clark County prosecutors to release nonpublic,
3  sensitive documents that were confiscated from inmates in the Clark County Detention
4  Center." (*Id.* at 2-3.)  The R&R finds that the FAC fails to allege factual matter plausibly
5  supporting the elements of a claim under § 1985. (Doc. 21 at 11.)  In her Objection and
6  Supplemental Objection, Plaintiff argues that gender-based animus can be inferred from
7  the FAC's factual allegations, because Defendants targeted her as a mother seeking to
8  protect and gain custody of her child. (Doc. 22 at 2; Doc. 23 at 2.)

To state a claim for a conspiracy to deprive a person "of the equal protection of the laws, or of equal privileges and immunities under the laws" under 42 U.S.C. § 1985, a plaintiff must plead specific factual allegations showing "an agreement or meeting of the minds." *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotation marks omitted).  The plaintiff must also plead an "act in furtherance of the object of such conspiracy, whereby another is injured in his person or property," 42 U.S.C. § 1985(3), as well as "class-based, invidiously discriminatory animus behind the conspirators' action," *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Plaintiff's FAC fails to state a plausible claim under 42 U.S.C. § 1985.  The FAC contains only conclusory allegations in support of the § 1985 claim and, contrary to the arguments in Plaintiff's Objection and Supplemental Objection, the allegations do not give rise to a reasonable inference of class-based, invidiously discriminatory animus. Furthermore, Plaintiff has entirely failed to plead specific facts showing an agreement or meeting of the minds.  Plaintiff does not even specify which defendants were involved in the purported conspiracy.  Nothing in Plaintiff's Objection or Supplemental Objection indicates that Plaintiff would be able to state a plausible § 1985 claim if granted further leave to amend; accordingly, the Court will adopt the R&R's recommendation to dismiss Plaintiff's § 1985 claim with prejudice.

. . . .

. . . .

### B.  Defendants Lambdin and Roach

Plaintiff's FAC asserts § 1983 claims against Lambdin and Roach premised on alleged due process and First Amendment violations. (*See* Doc. 19 at 2-3.) Plaintiff contends that Defendants withheld exculpatory evidence; fabricated allegations, engaged in retaliatory leaks, suppressed Plaintiff's motions, and barred Plaintiff from hearings. (*Id.* at 3.) As factual support, Plaintiff alleges that "Defendants withheld Judge Abraham's 2023 ruling exonerating Plaintiff of failing to protect her child from aggravated assault";[2] that "Lambdin violated A.R.S. § 13-4434 by meeting Plaintiff's minor daughter pre-interview, disparaging Plaintiff, and coercing fabricated allegations (e.g., 'I didn't know who she was')"; that Defendants concealed records of purportedly fraudulent DCS hotline calls; that Defendants endangered Plaintiff's safety by leaking unredacted court/DCS documents to inmates in Nevada jails;[3] that "Lambdin threatened criminal charges to silence Plaintiff"; that "Roach submitted plea agreements without Plaintiff's input"; and that "Defendants barred Plaintiff from speaking at her husband's sentencing and ignored her motions for 2 years." (*Id.* at 2.)

The R&R recommends dismissing the claims asserted in the FAC against Lambdin and Roach with prejudice on the grounds that Judge Collins' Order adopting Magistrate Judge Rateau's R&R already dismissed the claims against them with prejudice, Plaintiff's allegations are conclusory, and the defendants are entitled to absolute prosecutorial immunity. (Doc. 21 at 6-10.) In her Objection and Supplemental Objection, Plaintiff argues that the FAC alleges investigative, administrative, and retaliatory conduct not subject to absolute prosecutorial immunity. (Doc. 22 at 2; Doc. 23 at 1-2.)

---

[2] Plaintiff appears to reference the DCS administrative ruling attached to her original Complaint. Plaintiff did not attach the ruling to her FAC, nor does she allege any specific facts concerning the DCS administrative proceedings in the FAC.
[3] Plaintiff does not provide any details in the FAC concerning who leaked the records, which records were leaked, how the records were leaked, to which inmates they were leaked, or how the leak endangered her safety. In her Supplemental Objection to Magistrate Judge Marner's R&R, Plaintiff indicates that Lambdin shared unredacted case documents with the Clark County Prosecutor's Office, which led to the confiscation of materials from inmates at Clark County Detention Center. (Doc. 23 at 1-2.)

State prosecutors have absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Absolute prosecutorial immunity "covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001). It applies when a prosecutor engages in administrative activities "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). It also applies when a prosecutor "evaluat[es] evidence and interview[s] witnesses" in preparation for trial, although not "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

As Magistrate Judge Marner's R&R notes, Lambdin and Roach have already been dismissed from this action with prejudice on the grounds of absolute prosecutorial immunity. (*See* Docs. 10, 16.) Plaintiff did not timely move for reconsideration of that dismissal, nor does her FAC, her Objection, or her Supplemental Objection show that reconsideration of the dismissal is warranted. The threadbare and conclusory allegations of Plaintiff's FAC fail to satisfy the pleading standards of Federal Rule of Civil Procedure 8. Furthermore, despite the lack of factual specificity in the FAC, it appears clear that Plaintiff's claims against Lambdin and Roach are premised on actions taken in connection with the criminal prosecution of Plaintiff's husband. Plaintiff alleges that Defendants suppressed exculpatory evidence, fabricated allegations, interviewed a witness, disseminated unredacted court documents, ignored Plaintiff's motions, barred Plaintiff from hearings, and submitted plea agreements without Plaintiff's consent. These alleged actions are "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430, and nothing in Plaintiff's Objection or Supplemental Objection indicates that she can plead factual allegations plausibly stating a § 1983 claim against Lambdin or Roach that falls outside the bounds of absolute prosecutorial immunity. Accordingly, the Court will accept and adopt the R&R's recommendation to dismiss the claims against Lambdin and Roach with prejudice.

### C. Defendant Pima County

Plaintiff's FAC alleges municipal liability under § 1983 based on a failure to train prosecutors on their *Brady* obligations. (Doc. 19 at 3.) Plaintiff also alleges that Pima County systematically suppressed *Brady* material and was deliberately indifferent "to fraudulent hotline calls involving law enforcement affiliates." (*Id.*) The R&R finds that the FAC fails to state a § 1983 claim against Pima County because Plaintiff does not allege facts showing that her constitutional rights were violated as a result of a municipal policy or custom. (Doc. 21 at 11.) In her Objection, Plaintiff argues that the FAC's allegations plausibly show municipal liability because the FAC alleges a custom of suppression of *Brady* material and deliberate indifference to fraudulent hotline calls. (Doc. 22 at 2.)[4]

Local governments are not vicariously responsible under § 1983 for the actions of their employees. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). A municipality can be held liable under § 1983 only if action taken pursuant to official municipal policy or custom inflicted the plaintiff's constitutional injury. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983," but "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. Such a claim is cognizable only if the municipality's "failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61 (internal quotation and alteration marks omitted). "A pattern of similar

---

[4] In her Supplemental Objection, Plaintiff also contends that the FAC alleges a policy of failing to train prosecutors on custody-case protocols and a policy of colluding with family courts to weaponize custody proceedings. (Doc. 23 at 2.) The FAC does not contain these allegations, and it would be futile to grant Plaintiff leave to amend the pleading to add them, as they are merely conclusory, without any specific facts plausibly showing liability.

constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (internal quotation marks omitted). A plaintiff alleging municipal liability based on a failure to train prosecutors on their *Brady* obligations must show a pattern of similar violations. *See id.* at 63-68.

Plaintiff's FAC relies solely on conclusory allegations in support of its municipal liability claim. Plaintiff does not allege any facts plausibly showing a pattern of similar *Brady* violations or a pattern of ignoring indications of fraud in hotline calls. Plaintiff has already been granted one opportunity to amend her pleading, and nothing in her Objection or Supplemental Objection indicates that she would be able to state a plausible municipal liability claim if granted further leave to amend. Accordingly, the Court will accept the R&R's conclusion to dismiss with prejudice Plaintiff's municipal liability claim under § 1983.

### D. Defendant Laura Conover

Plaintiff's FAC alleges a claim for "[s]upervisory liability" against Conover based on a failure to train prosecutors on their *Brady* obligations. (Doc. 19 at 3.) The FAC further alleges that Conover "[a]ttended meetings directing Lambdin to ignore exculpatory evidence" and "[r]atified misconduct by failing to investigate Plaintiff's complaints." (*Id.*) The R&R appears to interpret Plaintiff's claim against Conover as an official-capacity claim and recommends dismissal on the grounds that Plaintiff does not plead facts showing that a municipal policy or custody resulted in a deprivation of her constitutional rights. (Doc. 21 at 10-11.) Plaintiff argues in her Objection that the FAC alleges Conover personally directed Lambdin to ignore exculpatory evidence, failed to investigate misconduct, and failed to train prosecutors on their *Brady* obligations. (Doc. 22 at 2.)

In an official-capacity suit against a government official, the real party in interest is the governmental entity of which the official is an agent, and therefore the plaintiff must plead facts showing that the constitutional deprivation at issue resulted from a

policy or custom of the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). As discussed above, Plaintiff's FAC fails to plead sufficient facts to plausibly show that Pima County is subject to municipal liability under § 1983 based on a failure to train prosecutors on their *Brady* obligations.

In a personal-capacity suit, a plaintiff "seek[s] to impose individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S. at 25. A supervisor cannot be held liable under § 1983 for the acts of her subordinates under a *respondeat superior* theory of liability and, therefore, a plaintiff must plead facts plausibly showing that the official, through her "own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff alleges that Conover personally directed Lambdin to ignore exculpatory evidence, but she fails to plead specific facts in support of this conclusory allegation. Furthermore, to the extent Plaintiff alleges that Conover directed Lambdin to suppress exculpatory evidence during the criminal trial of Plaintiff's husband, absolute prosecutorial immunity applies.

To the extent that Plaintiff alleges Conover ratified misconduct by failing to investigate Plaintiff's Complaints, Plaintiff has failed to plead non-conclusory factual allegations showing that Conover knew of a subordinate's constitutional violation and approved of it. *See Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). Plaintiff does not specify what complaints she made, how Conover became aware of the complaints, and what, if anything, Conover did upon learning of the complaints.

Plaintiff has already been granted an opportunity to amend her pleading to cure deficiencies in her allegations against Conover, and nothing in her Objection or Supplemental Objection to Magistrate Judge Marner's R&R indicates that Plaintiff would be able to cure the deficiencies if granted further leave to amend. Accordingly, the Court will adopt the R&R's recommendation to dismiss Plaintiff's claims against Conover with prejudice.

. . . .

. . . .

### E. State-Law Claims

Plaintiff's FAC asserts state-law claims for defamation, intentional infliction of emotional distress, negligence, and violation of A.R.S. § 13-4434. (Doc. 19 at 3-4.) Magistrate Judge Marner's R&R recommends declining to exercise supplemental jurisdiction over these claims. (Doc. 21 at 11-12.) In her Objection, Plaintiff argues that judicial economy favors retention of the state-law claims because they arise from the same facts as Plaintiff's federal claims. (Doc. 22 at 2-3.)

In any civil action of which a district court has original jurisdiction, the court also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). In determining whether to decline to exercise supplemental jurisdiction, the court may consider a "host of factors," including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997).

None of Plaintiff's federal claims have survived screening under 28 U.S.C. § 1915(e)(2), and judicial economy, convenience, and fairness do not favor retention of Plaintiff's state-law claims. Accordingly, the Court will dismiss the state-law claims without prejudice to Plaintiff filing them in state court.

**IT IS ORDERED**:

1. Plaintiff's Objection (Doc. 20) to Magistrate Judge Rateau's Report and Recommendation is **denied as moot**.
2. Plaintiff's Objection (Doc. 22) and Supplemental Objection (Doc. 23) to Magistrate Judge Marner's Report and Recommendation are **denied**.

. . . .

3. Magistrate Judge Marner's Report and Recommendation (Doc. 21) is **accepted and adopted**, as set forth above.

4. The claims asserted in Plaintiff's First Amended Complaint (Doc. 19) under 42 U.S.C. §§ 1983 and 1985 are **dismissed with prejudice**. The state-law claims asserted in the First Amended Complaint (Doc. 19) are **dismissed without prejudice** to Plaintiff filing the state-law claims in state court.

5. The above-captioned matter is **dismissed**. The Clerk of Court is directed to enter judgment against Plaintiff and close this case.

Dated this 30th day of May, 2025.

_____
Honorable Rosemary Márquez
United States District Judge